PER CURIAM:
Claimant brought this action to recover for damages to her 1990 Nissan Stanza which occurred when she was operating her vehicle at the intersection of Green Street (a State and Local Service Route) and Philippi Pike. Claimant’s vehicle went over the end of a slotted drain pipe at the right edge of Green Street as she was making a right turn onto Philippi Pike. Respondent is responsible for the maintenance of this State and Local Service Route which is in Clarksburg, Harrison County. The Court is of the opinion to make an award to the claimant for the reasons stated herein below.
Claimant was driving her vehicle on August 19, 2001, in the afternoon. As she attempted a right turn from Green Street onto Philippi Pike, the right front tire of her vehicle went over the edge of the roadway and she heard a loud noise. She determined that her tire had been cut and it was flat. There is a slotted drain pipe across Green Street and claimant’s right front vehicle tire had gone over the end of that pipe which was sticking out from the pavement and it had a sharp edge. She was proceeding slowly to make the turn and there was oncoming traffic turning onto Green Street at the time. Photographs which she had taken later that same day depict the slotted pipe and the edge of the pipe located at the very edge of the pavement. She stated that she had not noticed the j agged edge of the pipe on previous trips on Green Street and she did not notice it on the date of the incident herein. Claimant incurred expenses for having her vehicle towed, for new tire and rim, and for realignment in the amount of $166.37.
*283 John Michael Barberio, respondent’s Highway Administrator for Harrison County, testified that he is familiar with Green Road and the slotted drain pipe which crosses the road edge to edge. The pipe was installed in the 1991 orl992to alleviate water standing in the road at the bottom of Green Street. The pipe is at the intersection of Green Street and Philippi Pike. He stated that the edge of the pipe was in a jagged condition probably because the blacktop has eroded away. He also stated that he had not received complaints about the edge of the pipe prior to claimant’s incident.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In orderto hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
A review of the facts in this claim leads the Court to conclude that respondent was negligent in its maintenance of the slotted drain pipe on Green Street to the detriment of the claimant. There was a jagged edge on the pipe at the very edge of the road where the traveling public would be driving when making a right turn. As depicted in the photographs, the pipe had to have been in this jagged condition for more that justa short period of time. Thus, respondent had constructive, if not actual, notice of the hazard to the traveling public. The edge of the pipe was not easily observab le by drivers making a right turn so it is not inconceivable that a driver would inadvertently drive to the right with oncoming traffic also turning onto Green Road as was the situation for claimant on the date of her encounter with this pipe. Therefore, the Court is of the opinion that respondent’s negligent maintenance of Green Road was the proximate cause of the damages to claimant’s vehicle for which she may make a recovery.
Accordingly, the Court is of the opinion to and does make an award to claimant in the amount of $166.37.
Award of $166.37.